IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>COMPLETE INNOVATIONS INC. d/b/a FLEET COMPLETE,<br>   Defendant. | CIVIL ACTION NO. 2:24-cv-640<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" and/or "SPIS") files this Original Complaint for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent") against Complete Innovations Inc. d/b/a Fleet Complete ("Defendant" or "Fleet Complete").

## PARTIES

1. Plaintiff is a Wyoming limited liability company having an address at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant is a company organized and existing under the laws of Canada, with an established place of business at 18 King St E #1800, Toronto, ON M5C 1C4, Canada.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq. Plaintiff is seeking damages for patent infringement.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1332 (Diversity of Citizenship) and 1338(a) (Patents).

6. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas. Defendant transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement in this District and in the State of Texas.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) because Fleet Complete is not a resident of the United States and therefore may be sued in any judicial district.

## PATENT-IN-SUIT

8. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 9,261,365 (hereinafter "the SPIS Patent" or "the '365 Patent"). The '365 Patent is attached as Exhibit A.

9. The SPIS Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. It is anticipated to not expire until April 28, 2026.

10. The priority date of the SPIS Patent is at least as early April 28, 2006. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

11. Plaintiff alleges infringement on the part of Defendant of the SPIS Patent.

12. The '365 Patent relates generally to devices, systems and methods for remotely entering, storing and sharing location addresses for a positional information device, e.g., a global positioning system (GPS) device. The devices, systems and methods of the '365 Patent allow a user to easily and safely enter an address into a GPS device by giving that address to a remote communications link and to have that link automatically program the user's GPS device for usage. The devices, systems and methods of the '365 Patent further allow the user to use this stored address(es) on multiple GPS devices without having to manually enter the address(es).

*See* Abstract, '365 Patent.

13. As noted, the claims of the SPIS Patent have priority to at least April 28, 2006. The deficiencies in the state of the art as of the Date of Invention were highly problematic. At that time, programming addresses (e.g., destination information) into a GPS device was problematic. The first problem is that different devices recognize addresses differently depending on the preprogrammed information that has been stored. Additionally, different devices have different user interfaces and program differently. If a user knew how to program one device, he may not necessarily know how to program another unit. A second problem in the state of the art as of the Date of Invention is that many users have multiple vehicles that go to the same address and require route guidance by the GPS device. The current systems would require the user to enter the requested address (e.g., destination information) or multiple addresses into all vehicle units individually. This is an unnecessary waste of time. A third problem in the state of the art as of the Date of Invention is that many times a user needs to route to an address or destination while the user is driving. It may be an address that the user does not even have a correct city designation for. The GPS devices as of the Date of Invention made it extremely difficult or impossible for a user to program the device for an address while driving. In fact, for reasons of safety, some GPS devices discourage or lock out users from address entry while the vehicle is being operated. However, a definite need exists for a user to quickly program the GPS device to a desired address. *See* '365 Patent at 1:54-2:42.

14. The claims of the SPIS Patent overcome deficiencies existing in the art as of the date of invention, and comprise non-conventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

15. The claims of the SPIS Patent are not drawn to laws of nature, natural phenomena,

or abstract ideas. The specific combinations of elements, as recited in the claims, was not conventional or routine at the time of the invention.

16. Further, the claims of the SPIS Patent contain inventive concepts which transform the underlying non-abstract aspects of the claims into patent-eligible subject matter.

17. The '365 Patent was examined by Primary United States Patent Examiner Ian Jen. During the examination of the '365 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G01C 21/00; G08G 1/005; G08G 1/09685; G08G 1/096816; G08G 1/096866; and G08G 1/096883.

18. After conducting a search for prior art during the examination of the '365 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 6,073,075; US 6,202,023; US 6,584,402; US 7,084,872; US 7,523,417; US 2002/0154173; US 2002/0156578; US 2003/0018428; US 2003/0018887; US 2003/0050751; US 2003/0055530; US 2003/0126264; US 2004/0066330; US 2004/0068567; US 2004/0228489; US 2006/0041374; US 2006/0094353; US 2006/0240860; US 2007/0143015; US 2009/0073254; US 2011/0273570; and US 2011/02733579.

19. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '365 Patent to issue. In so doing, it is presumed that Examiner Jen used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Jen had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277

F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '365 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '365 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Jen.

20. The '365 Patent is a pioneering patent, and has been cited as relevant prior art in numerous subsequent United States Patent Applications, including Applications assigned to such technology leaders as Qualcomm, Inc., IBM Corporation, Garmin Ltd., Sony Corp., and Apple, Inc.

21. The claims of the '365 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

22. The nominal expiration date for the claims of the '365 Patent is no earlier than April 28, 2026.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

23. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 22, the same as if set forth herein.

24. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

25. Defendant has knowledge of its infringement of the '365 Patent, at least as of the service of the present complaint.

26. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '365 Patent, by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as **Exhibit B**, Fleet Complete's FC Hub, a fleet management software that allows fleet managers to monitor their commercial vehicles in real-time. Further, the FC Hub allows managers to view the vehicles' location on their mobile devices such as smartphones, laptops, and computers. These "Accused Instrumentalities" infringe at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

28. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '365 Patent by having its employees internally test and use the Accused Instrumentalities.

29. The service of this Complaint, in conjunction with the attached claim chart (**Exhibit B**) and references cited, constitutes actual knowledge of infringement as alleged here.

30. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products (which include at least the Accused Instrumentalities) that infringe the '365 Patent. On information and belief, Defendant has also

continued to sell products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '365 Patent. *See* **Exhibit B** (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

31. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '365 Patent, literally or by the doctrine of equivalents, by selling the Accused Instrumentalities to their customers for use in end-user products in a manner that infringes one or more claims of the '365 Patent.

32. **Exhibit B** includes at least one chart comparing the exemplary claim 1 of the '365 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '365 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '365 Patent.

33. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit B**.

34. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

35. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

36. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

37. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

38. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

| | |
|---|---|
| Dated:  August 8, 2024 | Respectfully Submitted, |

*/s/ Randall Garteiser*
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  sfuller@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**